No. 1811.—JOSEPH AGUADER *v.* J. H. QUISH AND WIFE.

A deposited a lot of jewelry with B to be raffled, and afterwards gave C, a creditor of his, an order on B for the jewelry or its proceeds. Held—That this order did not establish either a sale or *dation en payment* of the jewelry, and that C cannot be considered as the owner.

APPEAL from the Fifth District Court of New Orleans. *Léaumont, J. T. A. Bartlett,* for plaintiff and appelle. *H. J. Leovy* and *F. A. Monroe,* for defendants and appellants.

TALIAFERRO, J. This is a contest between opposing creditors, to be paid by preference of right upon property of the defendants held by the sheriff, subject to the judicial settlement of their respective claims. The plaintiff having obtained judgment against the defendants in November, 1867, soon after issued an execution, and cited one Clark as garnishee, and propounded interrogatories to him as to what property or money, if any, belonging to defendants he had in his possession, and more especially as to whether he held a certain lot of jewelry belonging to defendant's wife.

The garnishee answered that he had in his possession a lot of jewelry which he received from the defendant, J. H. Quish, and which was pledged to him to indemnify him against any loss that he might incur as indorser of two promissory notes, each for $500, drawn by Quish, payable to the Southern Express Company.

The plaintiff made a seizure of the jewelry in the hands of the garnishee, but the sheriff's return shows that he did not get possession of the effects which he purports to have seized. The answers of the garnishee were traversed by the plaintiff, and pending the traverse the garnishee caused the express company to be made a party. The express company answered, adopting their allegations set forth in a petition previously filed in the same court, in which they prayed judgment against Clark for the amount of the notes executed in their favor by Quish and indorsed by Clark. They also prayed in their answer that they be decreed owners of the jewelry in controversy.

Joseph Aguader v. J. H. Quish and Wife.

Judgment was rendered in favor of the plaintiff, dismissing the claim of pledge by Clark, and that of ownership by the express company.

The express company appealed. The contest, so far as Clark was concerned, seems to have been abandoned, and it is now limited to the plaintiff and the express company.

The facts seem to be that in December, 1866, nearly a year before the plaintiff obtained judgment against the defendants, Quish placed some jewelry in the hands of Clark to be raffled. Soon after this, being largely indebted to the express company and pressed for payment, Quish gave the company an order on Clark for the jewelry or its proceeds. Small, an agent of the company, states as a witness that he presented the order (afterward mislaid, as he states, and not produced in evidence); to Clark in presence of Quish, and that the order was for the jewelry. He states that no objection was made to delivering the jewels, but that Clark and Quish both suggested that it would be better for the raffle to go on, and the proceeds paid over, as more could be realized by raffling the articles. To this Small assented, it being understood between all the parties that the jewelry, or if raffled, its proceeds, belonged to the company. Quish, in his testimony, states that the order was for the proceeds, and that no specific sum was stated; it being understood that whatever sum the jewels brought, whether five hundred or eight hundred dollars, it was to go to the company. Clark, in his testimony, says the order was for the jewels or the proceeds. In the suit of the company against Quish it is alleged in the petition that the order was for the proceeds. The only question is whether the company acquired the ownership of the jewels. We think that the evidence does not establish ownership. The transactions between the parties in regard to the jewelry or its proceeds do not seem to establish either a sale or a dation en payment. It is clearly shown that Quish was indebted to the company in an amount far exceeding the value of the jewels, after crediting him with the amount of the two notes, and with payments previously made. Yet there is no specified sum mentioned as agreed upon to constitute the price, nor was there a delivery. Civil Code, articles 2439, 2626; 12 L. 375; 10 L. 151; 3 An. 280.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.